UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL BECKER, Individually,                    CASE NO.:

and

CORINNE MEI, Individually,

             Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION;
CHARLOTTE WROBLEWSKI, Individually;
JASON WROBLEWSKI, Individually and in his
capacity as an Agent for the United States Department
of Justice Drug Enforcement Administration; and
JOHN WROBLEWSKI, Individually and in his capacity as an
Agent for the United States Department of Justice Drug
Enforcement Administration,

             Defendants.
_____/

## COMPLAINT

Plaintiffs, MICHAEL BECKER and CORINNE MEI, by and through undersigned counsel,

hereby states and alleges as follows:

## INTRODUCTION

1. This cause of action involves the invasion of privacy and illegal searches of Plaintiffs

   by various members of the United States Department of Justice, Drug Enforcement

   Administration, who accessed their information on file with the State of Florida and

   protected by the Driver's Privacy Protection Act (DPPA) in violation of 18 U.S.C. §

   2721 et seq.§

2. In addition, this cause of action involves certain defamatory statements made by Defendant Charlotte Wroblewski as well as Jason Wroblewski and John Wroblewski, Individually, in a certain complaint filed with the Broward County Environmental Licensing and Building Permitting Division concerning Michael Becker d/b/a Broward Parking Solutions.

### NATURE OF PLAINTIFFS' CLAIMS

3. This is an action for injunctive relief and monetary damages under 42 U.S.C. § § 1983 and 1988, the Driver's Privacy Protection Act of 1994, 18 U.S.C. § § 2721 et seq. ("DPPA"), the Fourth Amendment, the Fourteenth Amendment, and other protections afforded by the United States Bill of Rights and the laws of the State of Florida to recover damages for the Defendants' disregard and invasion of Plaintiffs' constitutionally protected right to privacy.

4. This is also an action for defamation for the filing of a false and defamatory complaint with Broward County concerning Michael Becker d/b/a Broward Parking Solutions as licensee.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § § 1983 and 1988, the Driver's Privacy Protection Act 18 U.S.C. § 2721 et seq., 28 U.S.C. § § 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. The amount in controversy exceeds $75,000.00, including interests and costs.

7. All conditions precedent to the maintenance of this action have been performed or have occurred prior to this institution, and the appropriate notice given to the United States Department of Justice.

## THE PARTIES

8. Plaintiff Michael Becker, at all relevant times, is a resident of the State of Florida and citizen of the United States of America and a business licensee in Broward County, Florida.

9. Plaintiff Corinne Mei, at all relevant times, is a resident of the State of Florida and citizen of the United States of America.

10. Defendant United States Department of Justice, Drug Enforcement Administration, is a federal agency of the United States of America maintaining offices and activities in the State of Florida.

11. Defendant Charlotte Wroblewski, at all relevant times, is a resident of the State of Florida.

12. Defendant Jason Wroblewski, at all relevant times, is a resident of the State of Florida and employed as an Agent of the United States Department of Justice, Drug Enforcement Administration.

13. Defendant John Wroblewski, at all relevant times, is a resident of the State of Florida and employed as an Agent of the United States Department of Justice, Drug Enforcement Administration.

## FACTUAL ALLEGATIONS

14. Michael Becker is an individual resident of Broward County, Florida doing business as Broward Parking Solutions. As such, Michael Becker is licensed by Broward County,

Florida to conduct business as a vehicle immobilization service for individuals and businesses in Broward County.

15. On or about July 4, 2016, Plaintiff Michael Becker was performing services for the Ever April Apartments at 8 Briny Avenue, Pompano Beach, Florida with regard to ongoing parking problems by individuals who would park their cars on private property for the purpose of utilizing the public beach.

16. On or about the above date, Corinne Mei was associated with Broward Parking Solutions and acting as Agent of Ever April Apartments, during which time there was construction in the parking lot and the parking problems were more severe.

17. On the above date and time, both Michael Becker and Corinne Mei were in the parking lot of the Ever April Apartments attempting to control illegal parking, when the Vice-President of the Ever April Apartments, Gloria Jakab, called Corinne Mei and advised her of a blue Toyota Corolla that had parked in a parking space, and specifically directed that it be immobilized due to the fact that it was illegally parked.

18. The parking lot in question was legally posted with no parking signs warning any individual who would illegally park in the parking lot that their vehicle was subject to being immobilized as a result of being illegally parked.

19. The blue Toyota Corolla was parked in front of one such sign; and Gloria Jakab watched the driver of the vehicle walk off towards the beach.

20. Corinne Mei advised Michael Becker of the vehicle being illegally parked; and Michael Becker placed a vehicle immobilization device on the right front wheel of the vehicle.

21. Within minutes of booting the right front of the vehicle, Michael Becker was approached by Jason Wroblewski, who identified himself as "with DEA" and the fact that he was a "cop" and that Becker should extend some professional consideration. The conversation continued with Jason Wroblewski then identifying himself as a federal agent, and he attempted to intimidate and insult Michael Becker into removing the immobilization device without paying the fee.

22. Shortly thereafter, Jason Wroblewski was joined by his brother John Wroblewski, who was also identified as being a DEA agent. Thereafter, they were joined by a third unidentified individual, who is also believed to be another DEA agent.

23. During this period of time, the entire incident was witnessed by Corinne Mei, who was seated in the Broward Parking Solutions truck just a short distance away. It was during this time that Jason Wroblewski, John Wroblewski, Charlotte Wroblewski, and the third unidentified male continued to berate and threaten Michael Becker utilizing their positions with the federal government to intimidate Michael Becker.

24. The fee for the immobilization of the vehicle was $65.00 and eventually paid by Charlotte Wroblewski pursuant to a credit card transaction.

25. When the dispute finally settled with Charlotte Wroblewski paying the fee, Michael Becker left the scene and observed some of the individuals involved in the dispute return to a party on the beach, wherein apparent alcoholic beverages were being consumed.

26. On or about August 22, 2016, a complaint was made by Charlotte Wroblewski to Broward County Environmental Licensing and Building Permitting Division

concerning Michael Becker d/b/a Broward Parking Solutions and the booting of the Wroblewski vehicle.

27. The complaint alleges that the vehicle was immobilized during the period of time that they were standing there, and that the engine was running.  The complaint further alleged that Michael Becker placed the "boot" on Charlotte Wroblewski's vehicle while she and her son were standing there, and then demanded $65.00 or the vehicle would be towed.  The complaint was made individually by Charlotte Wroblewski.  On or about February 24, 2017, Ms. Wroblewski was notified by Broward County that the complaint was being closed due to insufficient evidence.

28. As a result of the complaint to Broward County, Michael Becker learned that he and Corinne Mei had been under surveillance as the result of an investigation conducted by Charlotte Wroblewski's "sons."

29. Charlotte Wroblewski and her "sons" learned various personal information about Michael Becker and Corinne Mei, including their occupations, vehicles, tag numbers, etc.

30. Michael Becker requested a "D.A.V.I.D. Report" from the State of Florida as to any inquiries concerning his driver's license and that of Corinne Mei.  It was determined that Jason and/or John Wroblewski, by and through their positions as agents of the United States Department of Justice, Drug Enforcement Administration, had conducted a fraud investigation and had requested driver's license information.  The search was done by an individual by the name of Lisa Ann Mastrangelo, believed to be an employee of the United States Department of Justice, and in all, conducted forty-one individual inquiries on Michael Becker, his vehicles, and Corinne Ann Mei.

31. During the period of time that the inquiries were being done by Jason and/or John Wroblewski as agents of the United States Department of Justice, Drug Enforcement Administration, there was no known fraud investigation concerning Michael Becker and/or Corinne Ann Mei; instead, they were only being done by Jason and/or John Wroblewski for the benefit of their mother and as a result of the incident that had occurred at the Ever April Apartments on July 4, 2016.

32. Michael Becker made a formal complaint to the United States Department of Justice, Drug Enforcement Administration concerning the activities of both John and Jason Wroblewski, who conducted an investigation.  The United States Department of Justice, Drug Enforcement Administration has failed and/or refused to advise as to the outcome of that investigation and has denied requests, pursuant to the Federal Freedom of Information Act, to produce and/or reveal particulars or outcomes of the investigation.

**COUNT I:  18 U.S.C. § 2721, et seq.**
Violation of the Driver's Privacy Protection Act
*(Against John Wroblewski and Jason Wroblewski, United States Department of Justice, Drug Enforcement Administration)*

33. Plaintiffs hereby reaffirm and re-allege the foregoing paragraphs as if fully set forth in this paragraph.

34. Michael Becker and Corinne Ann Mei provided information to the Florida Department of Highway Safety and Motor Vehicles, including their home addresses, photographs, social security numbers, dates of birth, states of birth, detailed vehicles registration information and description, prior and current home and mailing addresses, emergency

contacts and other private and highly-restricted personal information, in part, for the
purposes of acquiring and using a Florida driver's license.

35. The Florida Department of Highway Safety and Motor Vehicles also maintained
Becker's and Mei's driving record and that information is made available on the
D.A.V.I.D. system.

36. At no time did Becker or Mei provide their consent for any of the Defendant
Individuals to obtain, disclose or use, or for the United States Department of Justice,
Drug Enforcement Administration to disclose or allow Defendant Individuals to
obtain, disclose or use their private information for anything but official law
enforcement business.

37. Intentionally obtaining, disclosing or using a driver's license information without an
authorized purpose is a violation of DPPA.  The statute provides for criminal fines and
civil penalties.  18 U.S.C. § § 2723, 2724.

38. The DPPA provides relief for violations of a person's protected interest in the privacy
of their motor vehicle records and the identifying information contained therein.

39. The Defendants, each of them, have invaded Becker's and Mei's legally protected
interest under the DPPA.

40. None of the Defendants' activities fall within the DPPA's permitted exceptions for
procurement of Becker's and/or Mei's private information.

41. By the actions described above, Jason and John Wroblewski as law enforcement
personnel, were acting within the scope of their employment when they obtained
and/or disclosed or used Becker's and Mei's personal information from the Driver and
Vehicle Information Database for an impermissible purpose.

42. The Individual Defendants knew or should have known that their actions related to Becker's and Mei's personal information were in violation of the DPPA.

43. The United States Department of Justice, Drug Enforcement Administration knowingly authorized, directed, ratified, approved, acquiesced in, committed or participated in obtaining, disclosing or using both Becker's and Mei's private personal information by the Individual Defendants through its agent, Lisa Ann Mastrangelo.

44. Becker and Mei have suffered harm because their private information has been obtained unlawfully.  Becker and Mei suffered or will continue to suffer harm by virtue of the increased risks that their protected personal information is in the possession of law enforcement personnel who obtained it without legitimate purpose. This is precisely the harm that Congress sought to prevent by enacting the DPPA and its statutory remedies.

45. The Individual Defendants John and Jason Wroblewski, as well as the United States Department of Justice, Drug Enforcement Administration each acted willfully and recklessly disregarding the law, thereby entitling Becker and Mei to punitive damages under the DPPA. 18 U.S.C. § 2724(b)(2).  Plaintiffs are entitled to actual, punitive damages, reasonable attorney's fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the court determines to be appropriate. 18 U.S.C. § 2724(b).

46. In addition, under the DPPA, the Plaintiffs are entitled to a baseline liquidated damages award for at least $2,500.00 for each violation of the DPPA.  18 U.S.C. § 2721(b)(1).  The Plaintiffs need not prove actual damages to receive liquidated damages pursuant to this section.

**COUNT II:  42 U.S.C. § 1983**

Violation of Plaintiffs' Civil Rights

(*Against John Wroblewski and Jason Wroblewski, United States Department of Justice, Drug Enforcement Administration*)

47.  Plaintiffs hereby reallege and incorporate paragraphs 1 through 46 of this Complaint, as if fully set forth in this paragraph.

48.  At no time did the Plaintiffs behave in a manner that would provide any legal justification for their invasion of privacy.

49.  The DPPA establishes that obtaining an individual's driver's license information without a legitimate purpose constitutes an illegal search under the meaning of the Fourth Amendment to the Bill of Rights of the United States Constitution.

50.  The viewing of Becker's and Mei's personal information by Jason Wroblewski and John Wroblewski Individually and as agents of the United States Department of Justice, Drug Enforcement Administration was unauthorized, unjustified, and excessive, violates the laws of the State of Florida, the Fourth Amendment to the United States Constitution, and the laws of the United States.

51.  By the actions described above, Jason Wroblewski and John Wroblewski Individually and as agents of the United States Department of Justice, Drug Enforcement Administration, acting under color of law, violated and deprived Becker and Mei of their clearly established and well-settled civil rights to be free from an unconstitutional search.

52. The acts of the United States Department of Justice, Drug Enforcement Administration personnel, acting under color of law, constituted an invasion or repeated invasions of Becker and Mei's clearly established privacy rights, guaranteed by the Bill of rights of the Constitution of the United States of America, as well as the Fourth Amendment to the Constitution of the United States of America, and the laws of the United States, including the DPPA.

53. The DPPA creates an individual right to privacy in a person's driver's license information, thereby prohibiting unauthorized accessing of all person's information, including Becker's and Mei's personal information in the State of Florida Department of Highway Safety and Motor Vehicles data base.

54. Jason Wroblewski Individually and John Wroblewski Individually, as well as agents of the United States Department of Justice, Drug Enforcement Administration, acting under color of law, knew or should have known that their actions violated and deprived Becker and Mei of their clearly established statutory rights under the DPPA.

55. Both Jason and John Wroblewski Individually and as agents of the United States Department of Justice, Drug Enforcement Administration, were deliberately indifferent to Becker's and Mei's statutory and civil rights to be free from illegal searches, invasions of privacy and the unauthorized accessing of their private driver's license information.

56. As a direct and proximate result of the acts and omissions of the above-named individuals, Becker and Mei endured physical and mental suffering, and were damaged in an amount yet to be determined, but believed to be well in excess of One Million ($1,000,000.00) Dollars.

57.  Punitive damages are available against the Individual Defendant law enforcement personnel for their reckless and callous disregard for Becker's and Mei's rights and their intentional violations of the federal law, as well as a matter of federal common law, and, as such, are not subject to the pleading requirement for punitive damages.

58.  Plaintiffs are entitled to recovery of their costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

**COUNT III:  State Law Claim**
**Tort of Invasion of Privacy**
*(Against All Defendants)*

59.  Plaintiffs hereby reallege and incorporate paragraphs 1 through 58 of this Complaint, as if fully set forth in this paragraph.

60.  By improperly obtaining Becker's and Mei's private personal information for impermissible reasons, the Defendants intentionally intruded upon the solitude or seclusion of both Becker's and Mei's private affairs and concerns.

61.  The Defendants' intrusion into the lives of Becker and Mei would be highly offensive to a reasonable person.

62.  The Defendants' intrusion caused Becker and Mei to suffer severe emotional distress and physical harm.

63.  the Defendants' intrusion was intended to cause Becker and Mei to suffer severe emotional distress and physical harm, and was made with either actual or legal malice, or with reckless disregard of their rights and privacy.

64.  The Plaintiffs are entitled to tort damages for Defendants' invasion of privacy.

**COUNT IV: Defamation**
*(Against Charlotte Wroblewski)*

65.  Plaintiffs hereby reallege and incorporate paragraphs 1 through 64 of this Complaint, as if fully set forth in this paragraph.

66.  On or about August 22, 2016, the Defendant Charlotte Wroblewski, filed a complaint with Broward County, Florida in a letter form setting forth certain allegations with the intention of affecting the livelihood of Michael Becker and Corinne Mei.

67.  When Charlotte Wroblewski made the complaint with Broward County, she knew that most of the allegations contained therein concerning the conduct of Michael Becker and Corinne Mei were false and were done so for the purpose of substantiating her complaint.

68.  Charlotte Wroblewski knew or had reckless disregard as to the truth of the matter; or in the alternative, was negligent in proffering allegations that she was not aware of but were alleged by her sons.

69.  As a result of the defamatory remarks of Charlotte Wroblewski, Becker and Mei have been damaged and have suffered emotional and monetary damages, which are the direct and proximate result of the defamatory allegations by Charlotte Wroblewski.

**JURY DEMAND**

70.  Plaintiffs demand a jury trial as to all issues of fact herein properly triable by a jury.

WHEREFORE, the Plaintiffs Michael Becker and Corinne Mei pray for judgment against the

Defendants as follows:

A.  A monetary judgment against all Defendants for liquidated, actual and compensatory damages in an amount in excess of One Million Dollars

($1,000,000.00) and punitive damages in an amount to be determined by a jury, together with their costs, including reasonable attorney's fees, under 42 U.S.C. § 1988, the DPPA, and other applicable laws, as well as prejudgment interest;

B.  Actual damages, punitive damages, attorney's fees and other litigation costs and other preliminary and equitable relief as the court determines to be appropriate under 18 § U.S.C. 2724(b);

C.  Liquidated damages of at least $2,500.00 for each violation of the DPPA under 18 U.S.C. § 2721(b)(1).

D.  An injunction, permanently enjoining all Defendants from viewing Plaintiffs' private information in violation of the DPPA, unless necessary for law enforcement purposes;

E.  A permanent injunction, barring Defendant Individuals from trespassing or instructing proxies to trespass on Plaintiffs' property or conduct unlawful surveillance or otherwise harass Plaintiffs or infringe in any way on their privacy and their right to be free from any invasion of privacy;

F.  For such other and further relief as this Court deems just and equitable.

Dated:  January 18, 2018

Respectfully submitted,

BY**:**  */s/  Bruce H. Little*
BRUCE H. LITTLE, ESQUIRE
Florida Bar No.: 284580
BRUCE H. LITTLE, P.A.
645 SE 5th Terrace
Fort Lauderdale, FL 33301
Telephone: 954-523-3299
Email:  Bruce@BruceHLittle.com

Attorney for Plaintiffs